DANAHY, Acting Chief Judge.
The defendants in a personal injury action challenge an order vacating a jury verdict in favor of the defendants, granting the plaintiffs’ motion for directed verdict on the issue of liability, and directing that the matter be reset for jury trial on the issue of damages only. We reverse.
The appellees (Rathel) sued the appellants (Florida Rock and its employee, John Schoonmaker) for injuries which Rathel allegedly received while attempting to climb out of a hole toward which a Florida Rock vehicle, driven by Schoonmaker, was traveling backward. The complaint alleged that Rathel was employed by Korte Construction as a form contractor on the job site at the time of the accident. The complaint was subsequently amended to include allegations that John Schoonmaker, while acting within the course and scope of his employment with Florida Rock, negligently operated or maintained the motor vehicle owned by Florida Rock.
At trial, it was established that Korte Construction, Rathel’s employer, was the contractor at the construction site. Materi-almen making deliveries at the site were required to use a Korte Construction backup guide at the site when positioning their trucks. According to John Schoonmaker, the driver of Florida Rock’s cement truck, he was in the process of being backed up by Ralph Waithe as the backup guide to make a second pour of cement at the site. Ralph Waithe was an employee of Korte Construction.
There was conflicting testimony as to the actions of John Schoonmaker and Ralph Waithe while the Florida Rock truck was being backed up. Schoonmaker stated that he could see Waithe at all times and that Waithe never told him to stop. He stopped because the truck started to tilt. Waithe, along with several witnesses from Korte Construction, testified that Waithe sig-nalled the truck to stop, but that the truck kept moving. Schoonmaker and several other witnesses from Florida Rock testified that Waithe was not looking at where he was directing the truck, never signalled the truck to stop, and the truck was not speeding. Rathel testified that he tried to scramble out of the hole when he saw the truck approaching, but his shoe got stuck in a rebar and he could not get out. The truck came within a foot of his face before it stopped. Rathel testified that he believed he injured his back in his struggle to scramble from the hole.
At the close of all the evidence, Rathel moved for a directed verdict on the question of liability on the part of Florida Rock. The court took the motion under advisement. The jury then returned a verdict which answered a single question on the verdict form, “was there negligence on the part of defendant, Florida Rock Industries, Inc., which was a legal cause of the acci *626 dent involving the plaintiff, Johney C. Ra-thel?” The jury answered “no.”
Subsequently the trial judge heard argument on the question whether Rathel was entitled to a directed verdict on the issue of Florida Rock’s liability. Counsel for Ra-thel vigorously argued that Florida Rock was liable for the negligence of either John Schoonmaker or Ralph Waithe. The trial judge apparently agreed and entered the order under review. Whether or not Florida Rock was liable for the negligence of Ralph Waithe as well as the negligence of John Schoonmaker, the trial judge’s decision required one further step in reasoning — that either John Schoonmaker or Ralph Waithe had to be negligent as a matter of law. The circumstances of this case do not justify or require that conclusion.
In reviewing an order directing a verdict for a party, this court must determine whether any reasonable theory of the evidence or the appropriate inferences capable of being drawn from it would sustain the position of the opposing party, in this case Florida Rock. See Bonds-Gaylor, Inc. v. Azzarelli Constr. Co., 546 So.2d 1106 (Fla. 2d DCA 1989). Recognizing that rule, Rathel defends the directed verdict in their favor by arguing that there was no evidence in this case of non-negligence on the part of both John Schoonmaker and Ralph Waithe. Fortunately, we can reject this argument without the necessity of examining the record to determine the nonexistence of a negative.
As stated above, the evidence was conflicting on exactly how John Schoon-maker proceeded and exactly how Ralph Waithe proceeded. We believe the jury was entitled to conclude, based on the evidence before it, that there was no negligence on the part of Florida Rock that was a legal cause of the accident involving Ra-thel. Therefore, the trial judge erred in setting aside the jury’s verdict and directing a verdict for Rathel on the issue of liability. We reverse and remand with directions that the trial judge reinstate the jury verdict and enter final judgment for Florida Rock.
Reversed and remanded.
HALL and PATTERSON, JJ., concur.